[Cite as *State v. Marquardt*, 2026-Ohio-2964.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2026-CA-14 |
| Appellee | : | |
| | : | Trial Court Case No. 2025CR0603 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| GERALD R. MARQUARDT | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 31, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____
CHRISTOPHER B. EPLEY, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

ROBERT ALAN BRENNER, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

EPLEY, J.

{¶ 1} Gerald Marquardt appeals his conviction in the Greene County Common Pleas Court following his guilty plea to one count of receiving stolen property, a felony of the fourth degree. Marquardt asserts that the trial court erred by sentencing him to an aggregate term of 40 months in prison (inclusive of a sanction for a post-release control violation), which was more than the recommended sentence agreed upon by Marquardt and the State. Marquardt further contends that he did not enter his plea knowingly, intelligently, and voluntarily. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On November 21, 2025, Marquardt was indicted on one count of failure to comply with the order or signal of a police officer and one count of receiving stolen property, both felonies of the fourth degree. On January 22, 2026, Marquardt pled guilty to one count of receiving stolen property. In exchange, the State agreed to dismiss the remaining charge of failure to comply with the order or signal of a police officer. Additionally, Marquardt and the State jointly recommended community control sanctions, which would include a period of inpatient treatment at a community-based rehabilitation facility. At the time Marquardt entered his plea in the underlying case, he was also on post-release control arising out of a prior conviction in Montgomery County. Therefore, as part of his plea agreement in this matter, the parties also recommended the termination of his post-release control in the prior

case. Following Marquardt's plea of guilty, the trial court ordered a pre-sentence investigation.

{¶ 3} On February 11, 2026, at the beginning of the sentencing hearing, the parties informed the trial court that they were amending their joint recommendation to a term of nine months in prison instead of community control sanctions. The trial court ultimately sentenced Marquardt to a term of 12 months in prison, as well as an additional 28 months for violating his post-release control. The trial court ordered that these terms were to be served consecutively, for a total of 40 months (improperly calculated by the trial court as 36 months).

{¶ 4} Marquardt appeals from his conviction, raising two assignments of error.

## II. The Trial Court Was Not Bound By The Terms Of The Plea Agreement

{¶ 5} In his first assignment of error, Marquardt asserts that the trial court violated the plea agreement by sentencing him to a prison term greater than the jointly recommended nine months.

{¶ 6} "Plea agreements are generally made between the State and a defendant." *State v. Sage*, 2013-Ohio-3048, ¶ 23 (2d Dist.). "Unless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest." *Id.*

{¶ 7} There is nothing in the record to indicate that the trial court had any involvement in the plea negotiations between Marquardt and the State. Rather, during the plea hearing, the trial court specifically asked Marquardt: "But in regards to the Plea Agreement, do you realize that that's an agreement between you and your attorney and the Greene County Prosecutor's Office, and the Court doesn't have to follow any portion of the Plea Agreement if it finds it to be inappropriate?" Marquardt stated that he understood and wished to go

forward with his guilty plea. Because the trial court was not involved in the plea negotiations between Marquardt and the State, it was not obligated to impose the jointly recommended sentence.

**{¶ 8}** Marquardt's first assignment of error is overruled.

### III. Marquardt's Plea Was Made Knowingly, Intelligently, and Voluntarily

**{¶ 9}** In his second assignment of error, Marquardt argues that he did not enter his plea knowingly, intelligently, or voluntarily. He asserts that he would not have pled guilty if he had known the trial court was not going to follow the joint sentencing recommendations and, instead, sentence Marquardt to a prison term of 12 months plus an additional, consecutive 28-month term for violating his post-release control in a prior case.

**{¶ 10}** To comply with due process and be constitutionally valid, a guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Lenoir*, 2025-Ohio-563, ¶ 13 (2d Dist.), citing *State v. Miller*, 2017-Ohio-478, ¶ 9 (2d Dist.). In determining whether a plea met those criteria, we conduct a de novo review of the record and examine the totality of the circumstances to ensure that the trial court complied with constitutional and procedural safeguards. *Id.*, citing *State v. Redavide*, 2015-Ohio-3056, ¶ 10 (2d Dist.).

**{¶ 11}** For a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C). *Lenoir* at ¶ 14, citing *State v. Russell*, 2011-Ohio-1738, ¶ 6 (2d Dist.), and *State v. Greene*, 2006-Ohio-480, ¶ 8 (2d Dist.). Crim.R. 11(C) sets forth the process that a trial court must follow before accepting a felony plea of guilty or no contest and allows the trial court to ensure that a defendant's plea is knowing, intelligent, and voluntary. *Id.*, citing *State v. Veney*, 2008-Ohio-5200, ¶ 8. Crim.R. 11(C)(2) requires the trial court to address the defendant personally and make the following determinations: (a) that the defendant is making the plea voluntarily and understands the nature of the charges,

4

maximum penalty, and eligibility for probation or community control sanctions; (b) that the defendant understands the effect of the plea and that the court may proceed with judgment and sentencing following acceptance of the plea; and (c) that the defendant understands that, by entering the plea, he or she is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial, during which the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(a) through (c). A guilty plea is a complete admission of a defendant's guilt. Crim.R. 11(B)(2).

{¶ 12} Although the Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11, Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights and, therefore, the trial court need only substantially comply with those requirements. *State v. Fyffe*, 2018-Ohio-112, ¶ 11 (2d Dist.). Substantial compliance requires that, under the totality of the circumstances, a defendant has a subjective understanding as to the implications of his plea, as well as the rights he is waiving. *Id.* However, the trial court must strictly comply with Crim.R. 11(C)(2)(c) because it pertains to the waiver of federal constitutional rights. *Id.*

{¶ 13} "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *Id.* at ¶ 12, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered. *Id.*, citing *Veney* at ¶ 15.

{¶ 14} In the present case, the trial court specifically advised Marquardt that, to accept his guilty plea, the court must be convinced that he was entering his plea knowingly, intelligently, and voluntarily. When asked whether he was pleading guilty of his own free will,

5

Marquardt responded, "Yes, sir." The trial court went on to inform Marquardt that "the maximum definite prison sentence [he] could receive for this offense is 18 months in prison, and the maximum fine [he] could receive for it is $5,000." Additionally, the trial court noted that Marquardt may be required to serve a term of post-release control, and he could be ordered to pay restitution.

{¶ 15} Importantly, when Marquardt acknowledged to the trial court that he was already on post-release control in Montgomery County, the trial court stated: "Well, I want you to know that by pleading guilty to this offense, the Court could impose a prison sentence, which would be either the greater of 12 months or the time you have left on Post-Release Control, and that prison sentence would have to run consecutively to any other prison sentence imposed for the new felony. Do you understand that?" Marquardt again responded, "Yes, sir."

{¶ 16} The trial court also advised Marquardt that pleading guilty would constitute complete admission to the allegations in the indictment, and if the trial court accepted his plea, it could go forward with sentencing. Marquardt stated that he understood and still wished to proceed with entering his guilty plea. Finally, the trial court informed Marquardt that he was waiving his right to a jury trial, during which he would be able to confront the State's witnesses against him, subpoena witnesses to testify in his defense, and to require the State to prove his guilt beyond a reasonable doubt. Marquart stated again that he understood and wished to plead guilty.

{¶ 17} There is nothing in the record to indicate that Marquardt did not understand the trial court's advisements. Further, Marquardt did not make any statements or ask any questions that would indicate that he would have declined to enter a plea if he knew the trial court was going to impose a stricter sentence than the one the parties recommended.

6

Rather, the record demonstrates that the trial court complied with Crim.R. 11(C)(2)(a) through (c) by informing Marquardt of the rights he was waiving by pleading guilty and that, in response to the trial court's advisements, Marquardt stated that he understood and still wished to plead guilty. Accordingly, Marquardt entered his plea knowingly, intelligently, and voluntarily.

{¶ 18} Marquardt's second assignment of error is overruled.

## IV. Conclusion

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.